## Ella B. Higgs, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 24233. Promulgated January 8, 1951.

*Anthony A. Bliss, Esq.*, for the petitioner.
*Ellyne E. Strickland, Esq.*, for the respondent.

## OPINION.

BLACK, *Judge:* The question which we have here for decision is whether the survivor annuitant under a group annuity contract is required to include the annual payment in gross income.

The substance of petitioner's contention that she should not, under the facts of the instant case, be required to include the $7,000.08 in question in her gross income for 1948 is because she had a capital investment in the annuity which she received and that she should be permitted to recover the cost of that capital investment before she

should be required to include any of the annuity payments in her gross income. Petitioner contends that the $33,867.86 which the Tax Court decision in *Estate of William J. Higgs, supra,* adjudged should be included in the gross estate should be held to be the amount of the capital cost of the annuity which she received after her husband's death, or, in lieu of that cost, she claims a cost of $29,217.67. As to such alleged costs, petitioner submits in her brief:

* * * The petitioner should be allowed to recover this entire amount before being required to include any of the annuity payments in her taxable income or she should be permitted to take $33,867.86 as the cost basis of her annuity under Section 22 (b) (2) (A) of the Code for the purpose of determining the amount of taxable income included in each annuity payment.

In the alternative petitioner contends that her annuity had a cost of at least $29,217.67. She states that contention in her brief, as follows:

If the regulations and Sections 165 (b) and 22 (b) (2) of the Code must be applied literally, the respondent is still in error in maintaining that the petitioner's husband made no contributions toward the cost of petitioner's annuity. The petitioner's husband was entitled under his employer's pension plan to receive a retirement annuity of $21,750.00 per annum but elected to accept, instead, a lesser annuity of $18,985.27 per annum in order to provide annuity payments to the petitioner after his death. It has been stipulated that, if purchased on the date of this election, the cost of the retirement annuity to which the petitioner's husband was entitled would have been $229,854.00 and the cost of the reduced annuity which he elected to receive would have been $200,636.33. It follows, therefore, that the decedent paid consideration for the annuity to the petitioner equivalent to the amount by which the cost or value of his own annuity was reduced, to wit, $29,217.67.

The petitioner, therefore, is entitled to take as the cost basis of her annuity for purposes of determining her taxable income under Section 22 (b) (2) (A) of the Code either the amount of $33,867.86, which was included in the estate of her deceased husband as the date of death value of her annuity, or the amount of $29,217.67, which is the cash equivalent of the consideration provided for the annuity by the petitioner's husband.

For reasons which we shall state more at length later we think petitioner is wrong in both contentions.

Respondent contends that the annuity payments are taxable to petitioner under section 22 (a) or section 22 (b) (2) of the Internal Revenue Code. Section 22 (a) is so familiar it need not be quoted. Section 22 (b) (2) is printed in the margin.[1]

---

[1] SEC. 22. GROSS INCOME.

&ast; &ast; &ast; &ast; &ast; &ast;

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

&ast; &ast; &ast; &ast; &ast; &ast;

(2) ANNUITIES, ETC.—

(A) In general.—Amounts received (other than amounts paid by reason of the death of the insured and interest payments on such amounts and other than amounts received as annuities) under a life insurance or endowment contract, but if such amounts (when added to amounts received before the taxable year under such contract) exceed the Aggregate premiums or consideration paid (whether or not paid during the taxable year) then the excess shall be included in gross income. Amounts received as an annuity under an annuity or endowment contract shall be included in gross income; except that there

We think it is clear that the $7,000.08 which petitioner received in 1948 from the Insurance Company under Group Policy No. 103 was gross income to her under the provisions of section 22 (b) (2), I. R. C. Neither petitioner nor her husband William J. Higgs, deceased, paid anything toward the cost of the group annuity—that much is clear from the stipulated facts. Treasury Regulations 111, section 29.22 (b) (2)-5 contains a provision which reads, as follows:

If upon the death of a retired employee, the widow or other beneficiary of such retired employee is paid, in accordance with the terms of the annuity contract relating to the deceased employee, an annuity or other death benefit, the amounts received or made available to her shall be included in her income to the extent that they would have been included in the income of the deceased employee had he lived and received such payments. See also section 126 (a). As to taxation of life insurance benefits in connection with annuity contracts, see section 29.165–6.

So far as we can see this is a valid regulation and is in accord with the law taxing annuities. Clearly the amount of the annuities provided in the annuity policy would have all been taxable to William J. Higgs if he had not elected to receive the smaller annuity. He paid nothing toward the cost of the group annuity policy and whatever he should receive under the policy would clearly be taxable to him. When a part of the larger annuity which William J. Higgs would have otherwise received went over to petitioner by reason of the option which he exercised, it acquired no different status as to cost in the hands of the widow from what it would have had in the hands of the husband.

Petitioner's contention that she had a cost basis of the annuity of $33,867.86 because that amount was included by the decision of the Tax Court in the gross estate of William J. Higgs, if it ever had any validity, is no longer tenable. As we have already pointed out, the Third Circuit reversed our decision in the *Higgs* case, *supra*, and held that nothing should be included in decedent Higgs' estate by reason of his exercise of the option to take a lesser annuity than he otherwise

---

shall be excluded from gross income the excess of the amount received in the taxable year over an amount equal to 3 per centum of the aggregate premiums or consideration paid for such annuity (whether or not paid during such year), until the aggregate amount excluded from gross income under this chapter or prior income tax laws in respect of such annuity equals the aggregate premiums or consideration paid for such annuity. * * *

(B) Employees' annuities.—If an annuity contract is purchased by an employer for an employee under a plan with respect to which the employer's contribution is deductible under section 23 (p) (1) (B), or if an annuity contract is purchased for an employee by an employer exempt under section 101 (6), the employee shall include in his income the amounts received under such contract for the year received except that if the employee paid any of the consideration for the annuity, the annuity shall be included in his income as provided in subparagraph (A) of this paragraph, the consideration for such annuity being considered the amount contributed by the employee. In all other cases, if the employee's rights under the contract are nonforfeitable except for failure to pay future premiums, the amount contributed by the employer for such annuity contract or after such rights become nonforfeitable shall be included in the income of the employee in the year in which the amount is contributed, which amount together with any amount contributed by the employee shall constitute the consideration paid for the annuity contract in determining he amount of the annuity required to be included in the income of the employee under subparagraph (A) of this paragraph.

would have received, and permitting his wife to receive a part of his annuity, if she survived him. See also *Estate of Frederick John Twogood, Deceased,* 15 T. C. 989.

We likewise are of the opinion that petitioner did not have a cost basis of her annuity of $29,217.67 as argued in her brief. The proposition advanced by the petitioner has been answered, we think, by the Tax Court in *Charles L. Jones,* 2 T.C. 924. In that case, we said:

* * * The obvious intention of Congress in dealing with the three types of contracts was to permit the insured or annuitant and his beneficiaries to recover tax-free the cost, i. e., *the amount paid by them for the policies.* This view is supported by the concluding sentence in the section, dealing with a transfer for a valuable consideration, under which only the sums actually paid by the transferee may be recovered tax-free. Moreover it accords with the general use of cost under the revenue acts. Compare, e. g., section 111, I. R. C., dealing with the determination of gain or loss upon sale, section 113, I. R. C., specifying the basis to be used, and section 23 (1) and (m), allowing depreciation and depletion. Thus we need not rely solely upon the administrative rulings to support our conclusion that Congress intended to limit the deduction under section 22 (b) (2), *supra,* to the aggregate premiums or consideration paid by the annuitant except where, as in the *Deupree* and *Brodie* cases, *supra,* the annuitant has been in receipt of taxable income in the year in which the annuity was purchased for him by his employer. [Emphasis added.]

Petitioner's contention that the $7,000.08 which she received in 1948 from the Metropolitan Life Insurance Co. should not be included in her gross income is not sustained. Respondent's determination as to this $7,000.08 is approved. Petitioner has arguments in her brief other than the ones which we have noted above as to why the $7,000.08 should not be included as a part of her gross income but we do not deem it necessary to discuss them separately.

Petitioner in her brief also argues that she is entitled to the benefits of section 126 (c), I. R. C.[2] Petitioner in arguing that she is entitled to the benefits of section 126 (c), says in her brief, as follows:

---

[2] SEC. 126. INCOME IN RESPECT OF DECEDENTS.

  *    *    *    *    *    *    *

(c) DEDUCTION FOR ESTATE TAX.

(1) ALLOWANCE OF DEDUCTION.—A person who includes an amount in gross income under subsection (a) shall be allowed, for the same taxable year, as a deduction an amount which bears the same ratio to the estate tax attributable to the net value for estate tax purposes of all the items described in subsection (a) (1) as the value for estate tax purposes of the items of gross income or portions thereof in respect of which such person included the amount in gross income (or the amount included in gross income, whichever is lower) bears to the value for estate tax purposes of all the items described in subsection (a) (1).

(2) METHOD OF COMPUTING DEDUCTIONS.—For the purposes of paragraph (1):

(A) The term "estate tax" means the tax imposed upon the estate of the decedent under section 810 or 860, reduced by the credits against such tax, plus the tax imposed upon the estate of the decedent under section 935, reduced by the credits against such tax.

(B) The net value for estate tax purposes of all the items described in subsection (a) (1) shall be the excess of the value for estate tax purposes of all the items described in subsection (a) (1) over the deductions from the gross estate in respect of claims which represent the deductions and credit described in subsection (b).

(C) The estate tax attributable to such net value shall be an amount equal to the excess of the estate tax over the estate tax computed without including in the gross estate such net value.

* * * Section 126 (c) contemplates that if the value of the right of the beneficiary to receive such items of income is included in the gross estate of the decedent for estate tax purposes the recipient of the income shall be allowed to deduct that portion of the estate tax levied on the decedent's estate which is attributable to the inclusion of this right in the estate.

The cross-reference to these provisions of Section 126 of the Code clearly indicates that if the petitioner is not permitted to recoup tax free any cost basis of the annuity which she is receiving she is at least entitled to a deduction from her taxable income for the estate tax attributable to the inclusion of her annuity in the estate of her deceased husband.

As we have already pointed out our decision in *Estate of William J. Higgs, Deceased, supra,* has been reversed by the Third Circuit and by reason of that reversal, nothing is to be included in the estate of William J. Higgs by reason of his exercise of the option to receive a lesser annuity in order that his wife might receive an annuity after his death. Therefore, in the light of these facts it seems clear that section 126 (c) would have no application to the situation we have here. Petitioner's contention as to the applicability of section 126 (c), is not sustained.

*Decision will be entered for respondent.*